Filed 9/8/25  P. v. Sneed CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DONNIE SNEED,<br><br>     Defendant and Appellant. | B336299<br><br>(Los Angeles County<br>Super. Ct. No. BA314300) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Richard S. Kemalyan, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristen J. Inberg and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

In 2011 a jury found Donnie Sneed guilty of failing to register as a sex offender after he was released from prison in 2006. The trial court found Sneed had two prior serious or violent felony convictions and had served a prior prison term. The court sentenced Sneed to a prison term of 25 years to life under the three strikes law, plus one year for the prior prison term enhancement.

In 2023 the superior court held a resentencing hearing under Penal Code section 1172.75.[1] The court struck the prior prison term enhancement and resentenced Sneed to a prison term of 25 years to life. Sneed argues the superior court abused its discretion in denying his request under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*) to strike his prior serious or violent felony convictions and in denying his request to dismiss those convictions under section 1385, subdivision (c). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.     *A Jury Convicts Sneed of Failing To Register as a Sex Offender, and the Trial Court Sentences Him*

Before he was released from prison on parole in 2006, Sneed met with a correctional counselor. During that meeting Sneed signed a document stating he had to register as a sex offender. When Sneed was released, he was ordered to live at a specific motel, but he never checked in. Sneed moved to

---

[1]     Undesignated statutory references are to the Penal Code.

Louisiana for a job. In 2010 he returned to California and turned himself in. Sneed told his parole agent he had registered with the Los Angeles Police Department in 2006, but there was no record of Sneed registering with any law enforcement agency. (*People v. Sneed* (Apr. 15, 2013, B233710) [nonpub. opn.].)

In 2011 a jury convicted Sneed of failing to register as a sex offender. (§ 290, former subd. (a)(1)(A).) The trial court found Sneed had two prior serious or violent felony convictions, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served a prior prison term, within the meaning of section 667.5, former subdivision (b). The court sentenced Sneed as a third strike offender to a term of 25 years to life, plus one year for the prior prison term enhancement. We affirmed. (*People v. Sneed*, *supra*, B233710.)

B.    *The Superior Court Resentences Sneed Under Section 1172.75*

In 2021 the Legislature declared legally invalid prior prison term enhancements imposed under section 667.5, former subdivision (b), before January 1, 2020, except those arising from convictions for sexually violent offenses. The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving prison terms that include the now-invalid enhancements. (§ 1172.75, subd. (a).)

In 2023 the Department of Corrections and Rehabilitation notified the superior court that Sneed was serving a prison term that included a no-longer-valid enhancement under section 667.5, former subdivision (b). Sneed asked the court to strike the invalid enhancement and one of his prior serious or violent felony convictions and to resentence him to a determinate term. Sneed

3

argued that, if he were sentenced today for failing to register as a sex offender, the People would not seek an indeterminate term under the three strikes law.  He also argued that, because of his age (64) and diminished physical condition (he uses a walker), he was unlikely to be a danger to the community and that he suffered from mental illness that should be treated in a non-custodial setting.  Finally, Sneed argued he had taken advantage of educational opportunities in prison and had not been disciplined for five years.

The prosecutor argued Sneed's criminal record, along with his "poor performance on parole and lackluster rehabilitation while in prison," placed him within the spirit of the three strikes law.  The prosecutor stated that, if the superior court resentenced Sneed to a determinate sentence, he would be immediately released, even though he posed an "unreasonable risk to public safety" and the parole board found him unsuitable for parole in 2022.  The prosecutor also argued there was no guarantee Sneed would receive the mental health treatment he needed if he were released without supervision.

The superior court struck the prior prison term enhancement but denied Sneed's motion under *Romero*.  The court agreed with the People that Sneed was "within the spirit of [the] three strikes law."  The court stated that Sneed's prior serious or violent felonies included "a stabbing with a homemade ice pick," "forcible rape," and "oral copulation" and that Sneed also had a prior conviction for domestic violence (§ 273.5).  The court also found that Sneed had "poor performance on parole" and that his prison record was "not spotless."  The court resentenced Sneed to a prison term of 25 years to life.  Sneed timely appealed.

4

## DISCUSSION

A.  *Section 1172.75*

Section 1172.75, subdivision (a), states: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (See *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054; *People v. Grajeda* (2025) 111 Cal.App.5th 829, 835-836.) Section 1172.75, subdivision (b), requires the Department to identify individuals serving terms that include no-longer-valid enhancements. After the superior court verifies a judgment includes an invalid enhancement, the court must "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Section 1172.75, subdivision (d)(2), provides the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." "'"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements."'" (*People v. Dixon* (2025) 112 Cal.App.5th 236, 243.) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

5

We review a trial court's sentencing decisions in a section 1172.75 resentencing proceeding for abuse of discretion. (*People v. Mathis* (2025) 111 Cal.App.5th 359, 366, review granted Aug. 13, 2025, S291628; *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856.)  However, where the appeal from a resentencing order "raises questions of law, our review is de novo."  (*Mathis*, at p. 366; see *People v. Braden* (2023) 14 Cal.5th 791, 804 ["'The interpretation of a statute presents a question of law that this court reviews de novo.'"].)

> B.    *The Superior Court Did Not Abuse Its Discretion in Denying Sneed's Request To Dismiss His Serious or Violent Felony Conviction*

Sneed argues the superior court abused its discretion in denying his request to dismiss one of his prior serious or violent felony convictions and to sentence him as a second strike offender to a determinate term.  The court did not abuse its discretion.

The trial court has discretion under section 1385, subdivision (a), to dismiss in furtherance of justice "allegations or findings that a defendant has previously been convicted of a serious and/or violent felony that would otherwise count as a 'strike' under the 'Three Strikes' law."  (*People v. Dain* (2025) 18 Cal.5th 246, 252; see *Romero*, *supra*, 13 Cal.4th at pp. 529-530.)  "'[W]hen facing a motion to dismiss a strike allegation, the trial court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of [the defendant's] background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not

6

previously been convicted of one or more serious and/or violent felonies."'" (*People v. Rogers* (2025) 108 Cal.App.5th 340, 358; see *People v. Williams* (1998) 17 Cal.4th 148, 161.)

"[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*People v. Carmony* (2004) 33 Cal.4th 367, 378; see *People v. Rogers*, *supra*, 108 Cal.App.5th at p. 358; *People v. Avila* (2020) 57 Cal.App.5th 1134, 1140.)  "We review a trial court's ruling on a *Romero* motion under the deferential abuse of discretion standard, which requires the defendant to show that the sentencing decision was irrational or arbitrary." (*Avila*, at p. 1140; see *Carmony*, at p. 375.)  It "'is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. [Citation.]  Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation].  Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, at p. 378.)

The circumstances are not extraordinary here. The nature and circumstances of Sneed's prior serious or violent felony convictions place him squarely within the spirit of the three strikes law. In 1988 Sneed was convicted of assault with a deadly weapon (§ 245, subd. (a)(1)), for stabbing the victim in the chest with a homemade ice pick. In 1989 Sneed was convicted of forcible rape (§ 261, subd. (a)(2)) and forcible oral copulation (former § 288a, subd. (c)(1)) after he invited his 19-year-old victim to his home to do cocaine, ordered her at knifepoint to undress, and forced her to engage in oral, anal, and vaginal sex.[2]

Sneed argues his serious or violent felony convictions in 1988 and 1989, while "serious," were "too remote to put [him] within the spirit" of the three strikes law. However, the "remoteness of a prior conviction, 'by itself, cannot be the basis for dismissing a prior strike conviction.'" (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 12 (*Dowdy*); see § 667, subd. (c)(3) ["[t]he length of time between the prior serious or violent felony conviction and the current felony conviction shall not affect the imposition of sentence"]; *People v. Strong* (2001) 87 Cal.App.4th 328, 342 [section 667, subdivision (c)(3), "suggests, at a minimum, that remoteness alone cannot take a defendant outside the spirit of the very law that expressly rejects remoteness as a basis for avoiding the law"], disapproved on another ground in *People v. Dain*, *supra*, 18 Cal.5th at p. 265, fn. 5.) Instead, "older strike convictions do not deserve judicial forgiveness unless the defendant has used them as a pivot point for reforming his ways." (*People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1107.)

---

[2] Though the People alleged Sneed had three prior serious or violent felony convictions, the record reflects the court found he had two prior serious or violent felony convictions.

Sneed did not pivot. After he was released from prison for his sex crimes, Sneed was convicted in 1995 of domestic violence (§ 273.5) and sentenced to a prison term of six years for beating the mother of his children, causing "unconsciousness, lacerations, and hearing loss." In 2005 Sneed was convicted of possessing a controlled substance (Health & Saf. Code § 11350, subd. (a)) and sentenced to 32 months in prison. Thus, though 22 years elapsed between Sneed's prior serious or violent felonies and his 2011 conviction, they were not crime-free years. (See *People v. Williams*, *supra*, 17 Cal.4th at p. 163 [13-year period between the defendant's prior serious or violent felony convictions and the current felony was "not significant," where the defendant "did not refrain from criminal activity during that span of time, and he did not add maturity to age"]; *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 ["A prior strike conviction is not considered 'remote' for the purposes of mitigation where the defendant has not demonstrated a prolonged period of rehabilitation (a crime free life) in the interim."].)

Sneed also argues that he has been law-abiding since 2011, when he was convicted of failing to register, and that he committed his last violent felony (domestic violence) in 1994, almost 30 years before the resentencing hearing. However, in "'analyzing whether a defendant's prior criminal conduct was "remote," the court should consider whether the defendant "was incarcerated a substantial part of the intervening time and thus had little or no opportunity to commit" additional crimes.'" (*People v. Beasley* (2022) 81 Cal.App.5th 495, 501; see *People v. Vasquez*, *supra*, 72 Cal.App.5th at p. 390.) Sneed has been in prison since 2011, as well as part of the time between 1995 and 2011, which limited his opportunity to commit additional crimes.

And though Sneed has not been convicted of any crimes while incarcerated, in 2015 he was found guilty of a prison rule violation for battery on a peace officer.

Sneed further argues his most recent felony (failing to register) is "minor" and "not a statutorily serious or violent offense."[3]  He relies on *People v. Cluff* (2001) 87 Cal.App.4th 991, but the facts in *Cluff* were quite different.  In *Cluff* the defendant "consistently registered [as a sex offender] in the jurisdictions where he resided," but did not update his registration annually, a requirement the Legislature added five years after the defendant left prison.  (*Id.* at p. 1001.)  Describing the defendant's violation as "the most technical violation of the section 290 registration requirement we have seen," the court held the trial court abused its discretion in denying the defendant's *Romero* motion.  (*Cluff*, at p. 994.)  Sneed, in contrast, never registered as a sex offender, left the state, and when he was arrested after returning to California, falsely claimed he had registered.

Sneed argues his "conviction may have been connected to mental illness . . ., which is a mitigating factor."  He cites a 2015 prison report stating he "has a documented mental illness which manifests in symptoms of paranoia, delusion, hearing voices, mood instability and negative behaviors."  But Sneed does not point to any evidence his failure to register in 2006 was

---

[3]      In 2012 the voters approved Proposition 36, which amended section 667 to authorize a court to sentence a third strike offender to a life sentence only when the new offense is a serious or violent felony, with certain exceptions, including, as applicable here, where the defendant had a prior serious or violent felony conviction for a sexually violent offense.  (See § 667, subd. (e)(2)(C)(iv)(I).)

connected to mental illness.  Sneed also argues he is "unlikely to commit violent felonies due to his age and physical condition." But the superior court considered Sneed's mental illness, age, and physical condition, and stated granting Sneed's *Romero* motion "would result in release of an individual with mental illness that may [commit] further serious and violent sex crimes even [at] his present age."  In light of Sneed's criminal history, the superior court did not abuse its discretion in concluding Sneed was within the spirit of the three strikes law.

C.    *Section 1385, Subdivision (c)(2)(B), Does Not Apply to the Three Strikes Law*

Sneed argues the superior court erred in not dismissing his prior serious or violent felony convictions under section 1385, subdivision (c).  Section 1385, subdivision (c)(1), provides "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."  Section 1385, subdivision (c)(2), provides that, in exercising its discretion under subdivision (c), the court must consider and "afford great weight to evidence offered by the defendant to prove" any of nine listed mitigating factors (see § 1385, subd. (c)(2)(A)-(I)), "unless the court finds that dismissal of the enhancement would endanger public safety" (§ 1385, subd. (c)(2)).  Sneed contends he offered evidence to prove three of those mitigating factors: sentencing him as a third strike offender resulted in a sentence of over 20 years (*id.*, subd. (c)(2)(C)), his offense was connected to mental illness (*id.*, subd. (c)(2)(D)), and his prior convictions were over five years old (*id.*, subd. (c)(2)(H)).

As Sneed acknowledges, however, every court that has considered the issue has held that, because "subdivision (c) of section 1385 applies only to an 'enhancement,'" and because the

11

three strikes law is not an enhancement, section 1385, subdivision (c), does not apply to the three strikes law. (*People v. Burke* (2023) 89 Cal.App.5th 237, 243; see, e.g., *Dowdy, supra,* 107 Cal.App.5th at pp. 9-10; *People v. Olay* (2023) 98 Cal.App.5th 60, 67; *People v. Tilley* (2023) 92 Cal.App.5th 772, 776, fn. 2.) We continue to agree with those courts.

"The term 'enhancement' has a well-established technical meaning in California law. [Citation.] 'A sentence enhancement is "an additional term of imprisonment added to the base term."' [Citations.] It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense. [Citations.] We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*People v. Burke, supra,* 89 Cal.App.5th at p. 243; accord, *People v. Olay, supra,* 98 Cal.App.5th at pp. 65-66; see *Romero, supra,* 13 Cal.4th at p. 527 [the three strikes law "articulates an alternative sentencing scheme for the current offense rather than an enhancement"].)

Sneed argues "the Legislature's uncodified preamble in Assembly Bill 600 suggests that section 1385, subdivision (c) should apply to strikes as well as enhancements." Effective January 1, 2024, Assembly Bill No. 600 (2023-2024 Reg. Sess.) amended section 1172.1, which authorizes a court to recall and resentence a defendant when, for example, the Secretary of the Department recommends resentencing. (§ 1172.1, subd. (a)(1); see *Dowdy, supra,* 107 Cal.App.5th at p. 10.) Assembly Bill No. 600 amended section 1172.1 to allow a court to resentence a

defendant when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.)

Sneed relies on the following language from the preamble to Assembly Bill No. 600: "It is the . . . intent of the Legislature that courts have full discretion in resentencing proceedings pursuant to Section 1172.1 . . . to reconsider past decisions to impose prior strikes. The list of factors considered in [*Romero*] is not exhaustive. Courts should consider Section 1385, postconviction factors, or any other evidence that continued incarceration is no longer in the interests of justice." (Stats. 2023, ch. 446, § 1, para. (b).) Sneed does not explain why the preamble to Assembly Bill No. 600, which amended section 1172.1 (a statute not at issue in this appeal), has any bearing on the interpretation or application of section 1385, subdivision (c). (See *Dowdy*, *supra*, 107 Cal.App.5th at p. 10 ["Because Assembly Bill 600 amended section 1172.1—but not section 1172.75—the expression of legislative intent in Assembly Bill 600 . . . has no relevance to this case."].)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.

We concur:


MARTINEZ, P. J.


FEUER, J.

14